Scott, J.
At the time of Moe’s resignation, and Johnson’s appointment as administrator de bonis non, Mrs. Wilson, the widow, had a valid claim against the estate of her deceased husband for the residue of the sum allowed her by the appraisers for a year’s support, after deducting what Moe had already paid thereon. This residue amounted to $721.70.
At the same time she was indebted to the estate in the sum of $1000, the appraised value of a drug store, which she had elected to take at the appraisement, as she might do under the statute.
Eor this sum she had given her note, payable twelve months after date, with one irresponsible surety. The statute allowed a credit of nine months only to be given in such case, and required a note to be executed for the amount with two approved sureties. There is no doubt that the defendant Moe, in thus disposing of the assets of the estate without proper security for payment, was guilty of a breach of official duty, and that for any damage or loss thereby occasioned to tbe estate, under a proper administration of its assets by the administrator de-bonis non, Moe and his sureties must be held liable.
But this note was handed over by Moe to Johnson, who succeeded him in the administration, as part of the assets of the estate; Johnson received it as such; and though he re *42 garded. both the makers as wholly irresponsible, yet he subsequently paid to the widow upon her year’s allowance, before her note matured, $603, and the farther sum of $118.-70, in full of the allowance, after the maturity of the note. And so no part of the $1000 note has ever been accounted for to the estate; the makers are insolvent, and the question is, which administrator must answer for the loss? To whose mal-administration is it justly chargeable ?
It is conceded by the plaintiff, that as to the last payment made by Johnson to the widow after her note matured, Johnson and his sureties are to be held liable, and not the present defendants. Is the case substantially different as to the $603 previously paid by Johnson ? As matters stood when the administration came into Johnson’s hands, we think it clear that the widow could not have legally compelled him to make further payment of her allowance. As against the estate, or as against him as its representative, she had no light to a credit of more than nine months on the price of the assets taken by her at the appraisement. She had no right to a/nry credit, without giving such security as the law required. She had already received in money, and other assets of the estate, more than the whole amount allowed her by the appraisers; and so long as she might fail to secure, pursuant to law, her accountability for the assets thus received, we think Johnson would have a full equitable defence to any claim of her’s for further payment. But, knowing the note which she had given to be absolutely worthless, he voluntarily paid over to her, whilst she was really the debtor, and not the creditor of the estate, more than $700 in money, for the repayment of which he knew that he had no adequate security. Of whatever breaches of duty Moe had been previously guilty, yet when his functions as administrator ceased, and Johnson became the administrator, it was then his duty not to follow in the footsteps1 of his predecessor’, but faithfully to administer the assets remaining unadministered, and to collect all debts remaining due to the estate, so far as the exercise of ordinary prudence and reasonable diligence might enable him to do so.
*43 To the extent, of the $721.30, remaining unpaid on Mrs. "Wilson’s allowance, he had in his hands the means of compelling an account for the goods -which she had received. And we think that ordinary prudence and fidelity to his trust should have led him to withhold all further payments to her. His duty to the estate, as well as to Moe and his sureties, required so much at his hands. To the extent of these voluntary and wrongful payments, the damage sustained by the state is no the direct and necessary consequence of any breach of duty on the part of the defendant Moe, but is the direct result of subsequent ma-admlnistration.
The sum allowed for the support of the widow, and the value of the goods taken at the appraisement were each $1000. Before she thus took the goods at the appraisement, Moe, as administrator, had made a payment to her on the allowance, and to that extent her note was wholly unsecured when it came into Johnson’s hands. For this portion of the loss Moe and his sureties are clearly liable. But, for the reasons stated, we are of the opinion, upon the state of facts shown by the record, that this is the extent of their liability. Such seems to have been the view taken of the case by the court of common pleas, and we think the district court did not err in affirming the judgment rendered therein.

Judgment of district court affirmed.

Brinkeehokk, C.J., and White, Welch, and Day, JJ., concurred.